**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

U.S. COURT OF APPEALS
RECEIVED
CLERK
APR 14 2014
ATLANTA, GA

No. 14-10445-FF

D. C. Docket No. 8:13-cv-01910-VMC-AEP

DAVID E. HAMMER, et al — Appellant

v.

BANK OF AMERICA, — Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

**JOINT INITIAL BRIEF OF APPELLANTS**

David E. Hammer, *pro se*
Anne M. Hammer, *pro se*
1640 Wallace Road
Lutz, Florida 33549
dhammer@hammerbiz.com
annemhammer@gmail.com
(813) 786-2620
*Pro Se* Appellants

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

No. 14-10445-FF

D. C. Docket No. 8:13-cv-01910-VMC-AEP

DAVID E. HAMMER, et al — Appellant

v.

BANK OF AMERICA, — Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# JOINT INITIAL BRIEF OF APPELLANTS

David E. Hammer, *pro se*
Anne M. Hammer, *pro se*
1640 Wallace Road
Lutz, Florida 33549
dhammer@hammerbiz.com
annemhammer@gmail.com
(813) 786-2620
*Pro Se* Appellants

## CERTIFICATE OF INTERESTED PERSONS

The following persons or entities have an interest in the outcome of this appeal:

(a) David E. Hammer, Appellant

(b) Anne M. Hammer, Appellant

(c) The Honorable Virginia Marie Covington, United States District Court

(d) Bank of America, N.A., defendant in the lower court

## STATEMENT REGARDING ORAL ARGUMENT

Hammers request oral argument to have the greatest opportunity to inform this Court about the issues set forth herein, which are monumental to tenants' rights in the housing crisis of this decade.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........ II

TABLE OF CITATIONS ........ IV

STATEMENT OF JURISDICTION ........ 1

STATEMENT OF THE ISSUE ........ 2

STATEMENT OF THE CASE ........ 2

SUMMARY OF THE ARGUMENT ........ 6

ARGUMENT AND CITATIONS OF AUTHORITY ........ 7

CONCLUSION ........ 12

CERTIFICATE OF SERVICE ........ 13

## TABLE OF CITATIONS

***Cases***

*Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).......................5

*Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)....................5

(*) *Davis Oil Co. v. Mills,* 873 F. 2d 774, 780 (5th Cir. 1989)...................... 6, 9, 10, 11

*DiMaio v. Democratic Nat. Committee,* 520 F.3d 1299 (11th Cir. 2008)................2

(*) *Earnest v. Lowentritt*, 690 F.2d 1198, 1201 (5th Cir. 1982) ....................................9

*Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005).............1

*Fern v. United States*, 213 F.2d 674 (9th Cir. 1954) ...............................................2

*Folsom Investment Co. v. Moore,* 681 F.2d 1032, 1037 (5th Cir.1982).................10

*Green v. Jefferson County Comm'n*, 563 F.3d 1245 (11th Cir. 2009) ......................1

(*) *Grillo v. BA Mortgage LLC*, No. 2:04-cv-02897, 2004 WL 2250974, at *6 (E.D. Pa. Oct. 4, 2004) (unpublished)..........................................................................11

*Hammer v. Haire,* 369 F. App'x 989 (11th Cir. 2010)...........................................1

*Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992).......................................7

*Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) ................3

(*) *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) ...............................7, 8

*NBC v. Communications Workers of America, AFL-CIO*, 860 F. 2d 1022 (11th Cir. 1988)..........................................................................................................8

*Nicodemus v. Union Pacific Corp.,* 318 F.3d 1231 (10th Cir. 2003).......................2

*Rayburn v. Hogue*, 241 F. 3d 1341, 1347 (11th Cir. 2001) ........................................8

(*) *Scott v. O'Grady*, 760 F. Supp. 1288, 1295 (N.D. Ill. 1991)....................................11

*Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179 (3d Cir. 2008)...............................2

*Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 486 (1988) ...........12

*Wood v. Orange County*, 715 F.2d 1543 (11th Cir. 1983) ........................................1

***Statutes and Court Rules***

28 U.S.C. § 1291 ............................................................................................1

28 U.S.C. § 1331 ............................................................................................1

28 U.S.C. § 1367(a) .......................................................................................1

42 U.S.C. § 1983 ................................................................................ 1, 2, 6, 8

F.R.A.P. 4(a)(1)(A) ..........................................................................................2

Florida Rule of Civil Procedure 1.580(b) .........................................................3

Protecting Tenants at Foreclosure Act of 2009 (as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act), Pub. L. No. 111-22.............3

***Other Authorities***

(*) Pollock, John. *Going Public: The State-Action Requirement of Due Process in Foreclosure Litigation,* Clearinghouse REVIEW Journal of Poverty Law and Policy, Vol. 43, No. 9-10, pp. 462-64, *available at* http://www.civilrighttocounsel.org/pdfs/2010-Jan-Feb-Pollock-state-action.pdf ..........................................................................................................11

Rose, Henry, *The Due Process Rights of Residential Tenants in Mortgage Foreclosure Cases*, 41 N.M.L.Rev. 407, 411 (2011) ........................................... 8

## STATEMENT OF JURISDICTION

The District Court had original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). The First Amended Complaint was a two-count complaint, the first count sounding under 42 U.S.C. § 1983, and the second count sounding in state law. There was much discussion in the District Court about whether the *Rooker-Feldman* doctrine should apply to divest the District Court of jurisdiction, but in the order on appeal, the District Court correctly applied *Hammer v. Haire,* 369 F. App'x 989 (11th Cir. 2010); *Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005); *Wood v. Orange County*, 715 F.2d 1543 (11th Cir. 1983); and *Green v. Jefferson County Comm'n*, 563 F.3d 1245 (11th Cir. 2009), and found that *Rooker-Feldman* does not apply. Doc 32 – Pg 13. If this Court desires further analysis from Hammers on this issue, Hammers will provide same. (Bank of America, not having filed a cross-appeal, is barred from arguing that the District Court lacked jurisdiction. However, Hammers are mindful that this Court will always, *sua sponte*, consider jurisdictional issues.)

The order on appeal is a final order dismissing the complaint with prejudice for failure to state a claim upon which relief can be granted (the "Dismissal Order"). Doc 32. According to 28 U.S.C. § 1291, "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the

United States . . . ." Orders dismissing cases for lack of subject matter jurisdiction are final, appealable orders. *See DiMaio v. Democratic Nat. Committee,* 520 F.3d 1299 (11th Cir. 2008); *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179 (3d Cir. 2008); *Fern v. United States*, 213 F.2d 674 (9th Cir. 1954); *Nicodemus v. Union Pacific Corp.,* 318 F.3d 1231 (10th Cir. 2003).

The Dismissal Order was entered on January 3, 2014. This appeal was timely filed on January 30, 2014. Doc 33. F.R.A.P. 4(a)(1)(A).

**STATEMENT OF THE ISSUE**

Did the District Court err by finding that Bank of America was not a state actor for 42 U.S.C. § 1983 purposes and dismissing Hammers' § 1983 claim, when Bank of America sought and obtained an *ex parte* writ of possession against Hammers, and then obtained the services of the Hillsborough County Sheriff to execute that *ex parte* writ and deprive Hammers of their tenancy in Hammers' family home without notice, a hearing, or due process of law?

**STATEMENT OF THE CASE**

This is an appeal of an order in a civil case in the U.S. District Court for the Middle District of Florida granting Defendant Bank of America's motion to dismiss, and dismissing that case with prejudice. Because in considering a motion to dismiss, a court must take plaintiffs' allegations as true, the statement of facts set forth below refers to those facts as alleged in Hammers' First Amended

Complaint. Doc 8. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

Hammers entered into a tenancy in their family home on May 20, 2008. Doc 8 ¶ 6. During Hammers' tenancy, Bank of America acquired the home by state law foreclosure process. Doc 8 ¶ 20. Pursuant to the terms of Hammers' lease, supported by the Protecting Tenants at Foreclosure Act of 2009 (as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act), Pub. L. No. 111-22 ("PTFA"), Bank of America took its ownership subject to Hammers' tenancy. Doc 8 ¶ 51. In the foreclosure case, Bank of America dropped all "parties in possession," and made no attempt to include Hammers or give them an opportunity to be heard in that case. Doc 8 ¶ 18, Ex. D; Doc 32 - Pg 11. When Bank of America sought a writ of possession, Hammers argued that the foreclosure judgment did not apply to them because they were not ever made parties. Doc 8 ¶ 26. The state court entered the writ of possession over Hammers' objection, holding that Hammers' remedy and rights to be heard were to occur under Florida Rule of Civil Procedure 1.580(b), as third parties with rights of possession. *Id.* Hammers promptly filed their affidavits under that rule. Doc 8 ¶ 32, 35. On Bank of America's motion, on April 25, 2013, the state court held an *ex parte* hearing without notice to Hammers, struck Hammers' affidavits, and entered an *ex parte* order directing the Sheriff to execute a writ of possession and remove Hammers

from their family home. Hammers filed bankruptcy petitions which temporarily stayed the execution of the writ, until they were dismissed. Doc 8 ¶ 39, 40.

Hammers filed the instant action in the U.S. District Court for the Middle District of Florida on July 29, 2013, alleging that Bank of America had deprived them of their property rights (to wit, their tenancy interest in their family home) without due process of law. Doc 1. Hammers also filed a Motion for Temporary Restraining Order, seeking that the Court enjoin Bank of America from proceeding under any writ of possession or utilizing the services of the county sheriff to dispossess Hammers of their home. Doc 3. The District Court *sua sponte* denied the Motion for Temporary Restraining Order, Doc 4, explaining that Hammers had not met their burden in that motion, and identifying some deficiencies in the complaint.

Hammers filed a First Amended Complaint, Doc 8, and a Renewed Verified Motion for Temporary Restraining Order, Doc 9. Specifically, in their First Amended Complaint, Hammers alleged that "The Bank, acting under color of state law, in concert with the Hillsborough County Sheriff's Office, imminently threatens Hammers that the Bank will deploy the power of the local Sheriff to forcibly remove Hammers from their home." Doc 8 ¶ 47. In their Renewed Verified Motion for Temporary Restraining Order, Hammers explained the line of cases under *Davis Oil Co. v. Mills*, 873 F. 2d 774 (5th Cir. 1989): "a private party

who utilizes the sheriff to obtain possession is a state actor if and only if the party formerly in possession did not have notice or the opportunity to be heard." Doc 9 – Pg 11.

The Bank moved to dismiss Hammers' complaint on jurisdictional grounds. Doc 14. The District Court granted the motion to dismiss, and found that while the Bank's jurisdictional argument was unavailing, "the Hammers do not plead, nor can they plausibly demonstrate, that any of these tests for state action can be met." Doc 32 - Pg 14. Neither Bank of America nor the District Court responded to Hammers' argument under *Davis Oil* that, because Hammers did not have notice or the opportunity to be heard, and Bank of America utilized the sheriff to dispossess Hammers of their property, Bank of America becomes sufficiently interdependent with the sheriff to become a state actor. The District Court then declined to exercise pendent jurisdiction over Hammers' state law claim.

Hammers timely filed this appeal. This Court should review the District Court's order *de novo*. "We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)).

## SUMMARY OF THE ARGUMENT

The sole basis for the District Court's order dismissing Hammers' case was its conclusion that Bank of America did not constitute a state actor for § 1983 analysis. Therefore, if this Court concludes in its *de novo* review that Hammers have sufficiently alleged facts which, if proven, would make Bank of America a state actor when it utilized the services of the Hillsborough County Sheriff to remove Hammers from their home, it directly follows that the District Court order should be reversed.

The *Davis Oil* line of cases holds that when Bank of America obtained a state court order against Hammers at an *ex parte* hearing, deprived Hammers of their one and only notice and opportunity to be heard, and enlisted the service of the Hillsborough County Sheriff, Bank of America became a state actor for § 1983 purposes.

This is an issue of first impression in the Eleventh Circuit; however, the Fifth Circuit and other federal cases are extremely persuasive authority on this issue. Hammers are not aware of any circuit decisional law to the contrary. If the Eleventh Circuit agrees with the Fifth Circuit's reasoning, the District Court order dismissing Hammers' case should be reversed.

## ARGUMENT AND CITATIONS OF AUTHORITY

The District Court explained in its Dismissal Order that "Private parties are state actors for § 1983 purposes 'only in rare circumstances.'" Doc 32 – Pg 14 (citing *Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992). The District Court correctly stated that "For the Hammers to bring this § 1983 action against the Bank, a private entity, the Hammers must demonstrate that the conduct allegedly causing the deprivation of their Constitutional rights is fairly attributable to the state." *Id.* (citing *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

In *Lugar*, the U.S. Supreme Court held that a private creditor who obtains, pursuant to state law, an *ex parte* prejudgment attachment by the county sheriff, was engaged in state action under the Fourteenth Amendment. *Id.* at 924-25. The *Lugar* court adopted a two-part test to determine whether state action exists in a private creditor-debtor context: "(1) the alleged due process violation 'must be caused by the exercise of some right or privilege created by the State or by a rule of conduct impose by the state or by a person for whom the State is responsible;' and (2) the person charged with the violation must be a state official, or have 'acted together with or . . . obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" Rose, Henry, *The Due Process Rights of Residential Tenants in Mortgage Foreclosure Cases*, 41 N.M.L.Rev. 407,

411 (2011) (quoting *Lugar*, 457 U.S. at 937). The *Lugar* court explained that under the *Lugar* facts, "the private creditor had engaged in state action because: (1) it had followed an attachment scheme dictated by a state statute; and (2) the debtor's property had been attached by a public official, the county sheriff, based on the *ex parte* application of the creditor." *Id.*

As this Court noted in the Dismissal Order, the Eleventh Circuit has restated the test for when a private party may be considered a state actor in *Rayburn v. Hogue*, 241 F. 3d 1341, 1347 (11th Cir. 2001):

> (1) The State coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ("nexus/joint action test").

Doc 32 – Pg 14. *Rayburn* restated this test from *NBC v. Communications Workers of America, AFL-CIO*, 860 F. 2d 1022 (11th Cir. 1988), which cites *Lugar* for the test. The *Rayburn* case considered whether foster parents, the Hogues, should be considered state actors in a § 1983 case against them for abuse against their foster children, because a Georgia state agency, the Carroll County Department of Family and Children's Services, placed the children with the Hogues. The Eleventh Circuit explained that "While the State of Georgia does regulate foster parenting to an extent, and, thus, arguably has a symbiotic relationship with the Hogues, this

relationship certainly does not encourage or sanction child abuse in any way. To the contrary, the State and DFACS specifically forbid such conduct." *Id.* at 1348.

In the context of a creditor attempting to obtain possession, the *Rayburn* test can be reconciled with the *Lugar* test, because a "person charged with the violation [who] 'acted together with or . . . obtained significant aid from state officials" is also a person whom either "The State . . . significantly encouraged the action alleged" or "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise."

Multiple federal courts have interpreted the *Lugar* test in the context of mortgage foreclosure proceedings. In *Earnest v. Lowentritt*, 690 F.2d 1198, 1201 (5th Cir. 1982), the Fifth Circuit Court of Appeals held that the "[i]nitiation of foreclosure proceedings pursuant to a mortgage implicates no . . . authority of state law." *Id.* However, the Fifth Circuit in *Davis Oil Co. v. Mills,* 873 F. 2d 774, 780 (5th Cir. 1989) distinguished *Earnest*, and reconciled *Earnest* with *Lugar:*

> To the extent that *Lugar* adopts a low threshold to establish joint participation between a private party and the state, its holding has been confined to the context of ex parte prejudgment proceedings. *Lugar,* 457 U.S. at 939 n. 21, 102 S.Ct. at 2755 n. 21 ("The holding today, as the analysis makes clear, is limited to the particular context of prejudgment attachment."); *Earnest v. Lowentritt,* 690 F.2d 1198, 1201 (5th Cir.1982).
>
> In claiming that FNB did not act under color of state law, defendants rely primarily on *Earnest v. Lowentritt,* in which we held that the "[i]nitiation of foreclosure proceedings pursuant to a mortgage implicates no ... authority of state law." 690 F.2d at 1201.

> In *Earnest,* we distinguished the mortgage foreclosure at issue from the pre-adjudicative seizures discussed in *Lugar* and noted that the execution order permitting the sheriff to sell the Earnest property was obtained after the debtor had been given notice of the impending seizure and an opportunity to be heard on the merits of the seizure. Because the proceeding at issue in *Earnest* could not be characterized as ex parte, the mere invocation of state procedures by a private party was not sufficient to establish state action. *Id.* at 1201-02. We cautioned that a contrary holding would "transform every foreclosure action between private parties into state action of constitutional dimension." *Id.* at 1202.
>
> This case, however, does not present the same issue. In arguing that *Earnest* is controlling here, defendants fail to recognize that it is Upton, rather than Davis, who stands in the shoes of the Earnest plaintiffs. Although the foreclosure was not ex parte with respect to Upton (who received notice and did not contest the foreclosure), the gravaman of Davis' complaint is that the Louisiana procedure allows foreclosure and the execution of a judgment pursuant to foreclosure without providing constitutionally adequate notice to other parties whose interests in the property will be extinguished along with the debtor's by the seizure and sale of the property. Thus, as the district court noted, Davis' claim is precisely that the procedure is ex parte with respect to parties in its position.
>
> We agree with the district court that insofar as Davis challenges the constitutionality of the Louisiana procedure on these grounds, FNB may be considered a "joint participant" with the state because it set into motion the procedures that would extinguish Davis' interest in the subject property. *See Folsom Investment Co. v. Moore,* 681 F.2d 1032, 1037 (5th Cir.1982) (applying *Lugar* but adopting qualified immunity from monetary damages for parties who seek to secure their rights under a presumptively valid attachment statute).

*Id.* In other words, according to the Fifth Circuit Court of Appeals, a private party who utilizes the sheriff to obtain possession is a state actor if and only if the party formerly in possession did not have notice or the opportunity to be heard. This approach is well-reasoned because, if the party formerly in possession had notice

and the opportunity to be heard, then there is effectively a tribunal standing in between the private party and the state. On the other hand, if the party formerly in possession *did not have* notice or the opportunity to be heard, then the private party seeking possession effectively uses the resources of the state—the local sheriff—as his own tools, without an intervening tribunal weighing the claims and defenses of the opposing parties.

Other federal district courts have followed the Fifth Circuit's approach. *See, e.g., Scott v. O'Grady*, 760 F. Supp. 1288, 1295 (N.D. Ill. 1991) (finding state action when the mortgagee did not give tenants notice of the foreclosure); *Grillo v. BA Mortgage LLC*, No. 2:04-cv-02897, 2004 WL 2250974, at *6 (E.D. Pa. Oct. 4, 2004) (unpublished) (Pennsylvania state statute allowed creditor to unilaterally increase the judgment amount listed on sheriff's writ; state action because debtor was denied opportunity to be heard while also utilizing the "compulsive power of the local Sheriff."). *See also* Pollock, John. *Going Public: The State-Action Requirement of Due Process in Foreclosure Litigation,* Clearinghouse REVIEW Journal of Poverty Law and Policy, Vol. 43, No. 9-10, pp. 462-64, *available at* http://www.civilrighttocounsel.org/pdfs/2010-Jan-Feb-Pollock-state-action.pdf.

In this case, the *Davis Oil* approach clearly yields the result that the Bank is a state actor with respect to Hammers: While the mortgagor of the property had plenty of notice and opportunity to be heard, Hammers, despite vociferously

attempting to be heard, never had the opportunity. When Hammers' last opportunity was squelched, and their affidavits were ***stricken ex parte*** (not evaluated and dismissed, but ***stricken***), the Bank became a state actor. With that, there was no longer a tribunal standing between the Bank and the Sheriff that would hear Hammers' claims. Instead, the Sheriff became interdependent with the Bank, or stated differently, the Sheriff rendered the bank the "overt, significant assistance of state officials." *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 486 (1988).

So, for purposes of this action, the Bank should be considered a state actor. The Dismissal Order should be reversed.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Dismissal Order should be reversed.

DATED: April 8, 2014

David E. Hammer, *pro se*
1640 Wallace Road
Lutz, Florida 33549
(813) 786-2620
dhammer@hammerbiz.com
*Joint Pro Se Appellant*

Anne M. Hammer, *pro se*
1640 Wallace Road
Lutz, Florida 33549
(813) 786-2620
annemhammer@gmail.com
*Joint Pro Se Appellant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the eighth day of April, 2014, a true and correct copy of the foregoing Initial Brief of Appellant has been furnished by U.S. Mail to Ronnie J. Bitman, Pearson Bitman, LLP, Suite 150, 1770 Fennell Street, Maitland, FL 32751.

David E. Hammer, *pro se*